# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| DAVID YARBROUGH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MONSANTO COMPANY, )<br>)<br>Defendant. )<br>_____) | No. _____CV620-37_____ |

## DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto") hereby gives notice of removal of this action, captioned *David Yarbrough v. Monsanto Company*, bearing case number STSV2020000009, from the State Court of Evans County, Georgia to the United States District Court for the Southern District of Georgia. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

## Introduction

1. In this products liability lawsuit, Plaintiff David Yarbrough sues Monsanto for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection

1

Agency repeatedly has concluded that glyphosate does not cause cancer – including as recently as January 2020. Nevertheless, Plaintiff alleges that he developed cancer – specifically, large B-cell lymphoma, which is a sub-type of non-Hodgkin's lymphoma ("NHL") – caused by exposure to Monsanto's glyphosate-based herbicides.

2. This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation ("MDL") proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiff is a Georgia citizen. For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation). Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages for cancer allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

**Background and Procedural History**

4. Plaintiff commenced this lawsuit in the State Court of Evans County, Georgia by filing a Complaint, captioned *David Yarbrough v. Monsanto Company*, case number STSV2020000009, on or about March 9, 2020 (the "State Court Action").

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served upon Monsanto in the State Court Action (and other filings available from the state court's files) are collectively attached as **Exhibit 1**. Plaintiff seeks damages for NHL allegedly caused by exposure to Monsanto's glyphosate-based herbicides. *See, e.g.*, Complaint ¶¶ 61-63.

## Basis For Removal – Diversity Jurisdiction

6. According to the Complaint, Plaintiff is, and was at the time the State Court Action was filed, a Georgia citizen. Complaint ¶ 2.

7. Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. Complaint ¶ 3. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of diversity jurisdiction.

8. The Complaint seeks compensatory and punitive damages based on the allegations that Monsanto's Roundup®-branded herbicides caused Plaintiff to develop cancer (NHL). Therefore, it is plausible from the face of the Complaint that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact, numerous other lawsuits seeking damages for NHL allegedly caused by Roundup®-

branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under § 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

9. In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship between Plaintiff and Monsanto, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## Procedural Requirements

10. The State Court of Evans County, Georgia, is located within the Southern District of Georgia. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

11. Monsanto received notice of process in the State Court Action on March 12, 2020. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of March 12, 2020.

12. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the State Court of Evans County, Georgia and will be promptly served on Plaintiff.

13. Monsanto does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

14. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## Conclusion

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated: April 9, 2020

Respectfully submitted,

/s/ William V. Custer
William V. Custer
Georgia Bar No. 202910
bill.custer@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Atlantic Center – Fourteenth Floor
1201 W. Peachtree Street, N.W.
Fourteenth Floor
Atlanta, GA 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999

*Attorney for Defendant Monsanto Company*

**CERTIFICATE OF SERVICE**

I certify that this document has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

This the 9th day of April, 2020.

/s/ William V. Custer
William V. Custer
Georgia Bar No. 202910
bill.custer@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Atlantic Center – Fourteenth Floor
1201 W. Peachtree Street, N.W.
Fourteenth Floor
Atlanta, GA 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999

*Attorney for Defendant Monsanto Company*